IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-23-0049 |
| KWAME BROWN, | * | |
| Defendant. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Kwame Brown's Motions for Compassionate Release and Modification of Sentence (ECF Nos. 64, 65). The Motions will be denied.

### I. BACKGROUND

On August 7, 2024, Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 48.) On October 15, 2024, the Court sentenced Defendant. (ECF No. 57.) At the sentencing hearing, the parties agreed that Defendant's total offense level was 23 and that his Criminal History Category was V. (ECF No. 60 at 5.) This yielded a Guidelines range of 84 to 105 months of incarceration. (*Id.*) However, the parties jointly recommended that the Court impose a 66-month sentence. (*Id.* at 12.) That was primarily because while Defendant was in pretrial detention in a Maryland state facility, he suffered serious medical issues which made his period of incarceration more difficult than it is for most detainees. (*Id.* at 9.) The Court imposed a 54-month sentence, which was a further downward variance. (*Id.* at 36.) The Court explained that it considered Defendant's medical issues as well as his family ties and a demonstrated desire to rehabilitate himself. (*Id.* at 30–36.) But the Court also emphasized Defendant's substantial criminal history, including a conviction for armed robbery. (*Id.* at 31.)

Defendant has now moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), and the Court has appointed counsel for him.

## II. DISCUSSION

### A. Motion for Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."

#### 1. Extraordinary and Compelling Reasons

Defendant contends that a combination of inadequate medical care, lack of prison programming, and his rehabilitation constitute extraordinary and compelling reasons warranting release. (ECF No. 73 at 2–3.) The Court disagrees. The Court recognizes that Defendant faces serious medical problems, but the Court also took that into account when it originally imposed sentence. (ECF No. 60 at 30.) And Defendant has not demonstrated that his health has worsened so much that it warrants release. Instead, his medical records demonstrate that he has received consistent care while in BOP custody (*see generally* ECF No. 80-2), and at times, Defendant has been responsible for his own health issues by refusing to take prescribed medications and by missing appointments (*e.g., id.* at 5, 10, 11). As for the lack of programming, the Court recognizes that Defendant is ineligible for some prison programs because of the short length of his sentence. The Court is sympathetic to Defendant in this regard, but this too does not weigh in favor of release. As the Court has previously held, even "harsh conditions of imprisonment" such as those "occasioned by the COVID-19 pandemic are not, without more, sufficiently extraordinary and compelling to warrant release." *United States v. Jones*, No. CR JKB-12-0247, 2023 WL 203819, at *2 (D. Md. Jan. 17, 2023) (internal quotation marks omitted). Finally, Defendant has completed

2

several courses while in prison (ECF No. 73-2), but "rehabilitation alone cannot constitute an extraordinary and compelling reason for release." *United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022). The Court commends Defendant's desire to rehabilitate himself and return to society, but he has not met the "high bar" of showing extraordinary and compelling reasons justifying release. *See United States v. Horton*, No. 1:22-CR-00196-JRR-1, 2025 WL 2144852, at *4 (D. Md. July 29, 2025); *accord Jones*, 2023 WL 203819, at *2 (holding that a defendant had not demonstrated extraordinary and compelling reasons despite harsh prison conditions and significant health problems).

### 2. § 3553(a) Sentencing Factors

Even had the Court found that extraordinary and compelling reasons exist to support release, the Court still would have denied a sentence reduction because the § 3553(a) factors do not warrant release. The Court finds that Defendant's history and characteristics as well as the seriousness of the offense weigh most heavily against early release. Defendant has a lengthy criminal history. (ECF No. 56 at 7–12.) He was involved in drug trafficking and was convicted of armed robbery. (*Id.* at 8, 10.) Even so, he chose to possess "a lethal weapon and ammunition." (ECF No. 60 at 32.) While this crime was not violent, it was extremely serious. The Court is also cognizant of the need to avoid sentencing disparities. The Court already imposed a lenient sentence given Defendant's criminal history. A further reduction would create a disparity, not eliminate one. The Court again applauds Defendant's steps to rehabilitate himself, and it is encouraged by his progress. But on balance, the § 3553(a) factors weigh against a reduction in Defendant's sentence.

### B. Motion for Modification of Sentence to Home Detention

In the alternative, Defendant moves to serve the remainder of his sentence in home

detention. However, "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Snell*, No. CR CCB-17-602, 2020 WL 4053823, at *1 (D. Md. July 20, 2020) (internal quotation marks omitted). Thus, the Court does not possess the authority to modify Defendant's sentence to home detention.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motions for Compassionate Release and Modification of Sentence (ECF Nos. 64, 65) are DENIED.

DATED this __10__ day of March, 2026.

BY THE COURT:

*James K. Bredar*

James K. Bredar
United States District Judge